IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:04CR471 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOSE RIVERA-MORENO, | ) | |
| | ) | |
| Defendant. | ) | |

On February 27, 2006, and after hearing lengthy argument by counsel, I rejected the Rule 11(c)(1)(C) plea agreement that called for a sentence of 168 months in prison for a drug offense and which dismissed a related gun charge that would have carried a mandatory consecutive sentence of 60 months in prison. Briefly, I explain my reasons for rejecting the plea agreement.

The government[1] and the defendant have given an explanation for their Rule 11(c)(1)(C) plea agreement, but those reasons are not compelling enough to justify adoption of the agreement. Under the best of circumstances, the plea agreement calls for a sentence 20 months below the low end of the most lenient advisory Guidelines calculations.[2] In fact, the government concedes that the 168-month sentence it agreed to was computed in error and should have been at least 188 months if based upon a proper application of the advisory Guidelines.[3]

---

[1] Filing 49-2.

[2] This assumes the defendant is enhanced for possession of a gun and that he receives a 2-point upward role adjustment.

[3] See Filing 49-2.

Under the worst of circumstances, the plea agreement calls for a sentence 67 months below the low end of the advisory Guidelines calculations carefully prepared by the probation officer.[4]  Moreover, the plea agreement frees the defendant of the gun charge that would have required a mandatory consecutive sentence.  Still further, the defendant's brother, who is regarded by the case agent[5] and at least one witness[6] as being similarly (if not identically) culpable, received a prison sentence (after a trial) of 292 months on the drug charge followed by 60 months (consecutive) on a weapons charge.[7]  This latter fact (the brother's sentence) raises very serious concerns about unwarranted sentencing disparity.

As I have said before, and as a general matter, it is not my proper role to question the government's reasoning in regard to plea agreements.  *However*, I should not adopt a Rule 11(c)(1)(C) plea agreement that mandates a sentence less than that called for by proper application of the advisory Guidelines if that plea agreement lacks a "justifiable reason" within the meaning of Booker[8] and U.S.S.G. § 6B1.2(c)(2)(A).  See, e.g., United States v. Coney, 390 F. Supp. 2d 844, 849-50 (D. Neb. 2005) (setting forth a methodology after Booker for justifying Rule 11(c)(1)(C) plea agreements that appear to conflict with the advisory Guidelines).  Respectfully, the plea agreement in this case fails that test.

---

[4] This assumes that the defendant is enhanced for a gun and he receives a 4-point upward role adjustment.

[5] Presentence Report ("PSR") ¶ 18.

[6] PSR ¶ 19.

[7] In fact, in the government's version of the offense, counsel represented that the brothers "were partners in their cocaine distribution but neither was the boss of the other."  PSR ¶ 15.

[8] United States v. Booker, 543 U.S. 220 (2005).

Accordingly,

IT IS ORDERED that:

1. The Rule 11(c)(1)(C) plea agreement calling for a prison sentence of 168 months (filing 39 ¶ 13) is rejected.

2. No later than Monday, March 27, 2006, the parties shall advise the undersigned of whether they wish to proceed to trial or pursue some other disposition. They shall give this advice by filing a written joint status report in the court file. The time between February 27, 2006, and March 27, 2006, is excluded, by agreement of the parties, from computation under the Speedy Trial Act in the interests of justice and in order to allow the parties a reasonable opportunity to consider their alternatives. See 18 U.S.C. § 3161(h)(8)(A)&(B).

3. The Clerk of the Court shall provide copies of this decision to counsel of record. My chambers shall also provide copies of this decision to Senior USPO Stan Pfeiffer, Supervisory USPO Mike Norton, United States Attorney Michael Heavican, Supervisory Assistant United States Attorney Mick Mickle, and Federal Public Defender David Stickman.

February 28, 2006.                    BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge